*E-Filed 7/29/10*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

LORENZO ARTEAGA,

          Petitioner,

   v.

EDWARD C. FLORES, et al.,

          Respondents.

No. C 10-2710 RS (PR)

**ORDER OF DISMISSAL**

## INTRODUCTION

This is a federal habeas petition filed pursuant to 28 U.S.C. § 2254 by a *pro se* state prisoner. Petitioner, a frequent litigator in this Court,[1] filed a petition for a writ of habeas corpus in which he applies for release pending resolution of state judicial remedies. The Court finds the petition is incomprehensible and without an arguable basis in law. Accordingly, the Court will DISMISS the petition.

---

[1] The United States Supreme Court, noting that Arteaga had filed 20 petitions with the Supreme Court, 16 within two terms, has barred *in forma pauperis* filings by him in civil rights cases. *Arteaga v. United States Court of Appeals for the Ninth Circuit*, 522 U.S. 446 (1998). Arteaga is subject to a prefiling review order in the United State Court of Appeals for the Ninth Circuit, which declined to allow him to appeal in nine cases from this court, and which instructed its clerk to return his papers unfiled in those cases. *In re Lorenzo Arteaga*, No. 95-80113 (9th Cir. July 9, 1998).

**DISCUSSION**

A district court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975).

A habeas petition may be dismissed summarily "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases; *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

The petition is an incomprehensible mix of complaints about the state of California's abuse of process in petitioner's previous criminal prosecutions. A district court must dismiss such claims. *See* 28 U.S.C. § 1915A(b)(1),(2) (district court must dismiss any frivolous claims in prisoner complaint); *Jackson v. Arizona*, 885 F.2d 639, 641 9th Cir. 1989) (claim that is incomprehensible is frivolous as it is without an arguable basis in law).

A certificate of appealability will not issue. Petitioner has not shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Petitioner's application for release (Docket No. 1) is DENIED.

Petitioner's motion to proceed *in forma pauperis* (Docket No. 5) is GRANTED.

This order terminates Docket Nos. 1 & 5.

The Clerk shall enter judgment in favor of respondent, terminate all pending motions, and close the file.

**IT IS SO ORDERED**.

DATED: July 29, 2010

RICHARD SEEBORG
United States District Judge